## Acorn Brass Mfg. Co., Appellee, v. Atkinson, Mentzer & Grover, Appellant.

### Gen. No. 16,097.

APPEALS AND ERRORS—*when finding by court not disturbed.* A finding by the court will not be set aside as against the evidence unless clearly and manifestly so.

Appeal from the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 14, 1912. *Certiorari* denied by Supreme Court (making opinion final).

JAMES M. GIVIN, for appellant.

GREGORY, POPPENHUSEN & McNAB, for appellee; EDWARD R. JOHNSTON, of counsel.

Mr. Presiding Justice Baume delivered the opinion of the court.

This is an appeal from a judgment in the Municipal Court in favor of appellee and against appellant for $1,059. The case was tried by the court without a jury.

On May 23, 1906, appellant, at the solicitation of one John L. Taylor, who was then in the employ of appellee, gave him an order for the manufacture and delivery of 25,000 sets of regal clasps, at three cents per set. Taylor gave said order, together with certain dies used in manufacturing said clasps, to appellee, and the latter proceeded to manufacture a sample or samples of the same. The samples manufactured by appellee and delivered to appellant were discovered to be of insufficient strength, and thereupon a conference was had between appellee's superintendent, Eason, and Mentzer, the secretary of appellant, when it was determined that the clasps could be strengthened by reinforcing the same with an extra metal strip. Eason informed Mentzer that the cost of the die necessary to make the extra metal strip would be $30, and that the additional cost of the clasps per set would be 1½ cents making the total cost 4½ cents per set. Mentzer instructed Eason to proceed to manufacture the clasps at the additional price agreed upon, and appellee thereafter manufactured and delivered to appellant 14,454 sets of said clasps. Appellant then refused to accept any more clasps, and refused to pay appellee for the clasps theretofore delivered and accepted. At the time appellant refused to accept the delivery of any more clasps, appellee had expended $409.56 for labor and material in partially manufacturing 10,922 sets of clasps, being the remainder of the order.

The finding and judgment against appellant covers the two items mentioned.

Appellant's main contention is that its contract for

the clasps in question was with Taylor and not with appellee. Upon either one of two theories the contrary is clearly established by the evidence. First: If the order to Taylor, bearing date May 23, 1906, be regarded as the basis of the contract finally entered into, it is apparent that appellant was aware of the relation then existing between Taylor and appellee, because on the day following, it addressed a written communication to appellee relative to the use of the dies which belonged to appellant. The conclusion is irresistible that appellant knew appellee was going to manufacture the clasps. Thereafter, the invoices for the clasps delivered to appellant were in the name of appellee, and in response to demands by appellee for payment of its account, appellant promised to make settlement with it when complete delivery of the order had been made. In its letter of August 10, 1906, addressed to appellee, appellant expressly recognizes the existence of an agreement to pay appellee for the clasps. Second: It is uncontroverted that the subsequent agreement, of July, 1906, providing that the clasps should be strengthened and manufactured by appellee at a cost to appellant of 4½ cents per set, was entered into by and between the parties themselves, independently of Taylor. This subsequent contract was sufficiently complete in itself to establish the relation of appellee and appellant as the contracting parties thereto.

Appellant offered in evidence a written contract purporting to have been entered into on November 3, 1905, between it and Taylor, with reference to the manufacture, under certain letters patent, of a clasp known as the "royal clasp." The contract had no relation to any issue involved in the case at bar, and was properly excluded.

The finding of the court is fully supported by the evidence and the judgment is affirmed.

*Judgment affirmed.*